## A. J. HALLIBURTON *v.* JOHN K. BROOKS *et als.*

1. SPECIAL JUDGE. *Election. Act of* 1870. The act of the Legislature of 1870 (T. & S. Rev. Sta., sec. 3930*a*), providing for the election of special judges, and prescribing the mode of election, is constitutional.

   Case cited : Ligon *v.* The State, 3 Heis., 159.

   Code cited : Sec. 3930, *a, b, c.*

2. CHANCERY PRACTICE. *Taking account.* Ordinarily, parties interested should be notified of the time and place of taking an account before the Master; but this is not necessary where the proof upon which the account is taken is on file before the case is referred to the Master.

3. SAME. *Same.* This court will not reverse a decree confirming a report of the Clerk and Master, otherwise correct, for a failure of the Clerk and Master to refer to the parts of the record upon which his report is based, where the items of the account are so plain and simple that they can be readily verified.

FROM HAYWOOD.

Appeal from the Chancery Court. B. P. BOYD, Special Chancellor.

No record found.

DEADERICK, J., delivered the opinion of the Court.

The bill was filed in the Chancery Court of Haywood county against Brooks and A. and Henry Buck and others, alleging that complainant, and defendant H. Buck, were the sureties of defendant A. Buck on his bond as guardian of defendant Brooks; that Brooks, having attained his majority, had brought suit upon

said bond in the Circuit Court, and the bill prays, for reasons therein stated, that the suit at law be enjoined, and that an account be taken and the proper decree rendered upon the bond in the Chancery Court; and it is further alleged that a tract of land had been conveyed by defendant Yancy to Henry Buck, at the instance of the guardian, A. Buck, to indemnify complainant and said Henry Buck against their liability on said guardian bond, and that said Henry had fraudulently disposed of it to his son-in-law Yancy, who is also made a defendant.

Answers were filed by Brooks and A. and H. Buck, in which the liability to Brooks was stated and not contested; but H. Buck denied that he took or bought the land as indemnity for himself and complainants, and A. Buck reiterated the charges of the bill in his answer.

In August, 1873, Chancellor Livingston being incompetent to hear the case, by reason of having been of counsel, a special Chancellor was elected under the act of 1870, Code, sec. 3930, *a, b, c,* who directed a reference to the Master to ascertain what was due to Brooks from the guardian and his sureties, with directions to report to the next term, and on the application of H. Buck, continued the cause as to the questions arising between him and complainant and A. Buck, not affecting their joint liability to Brooks, to the next term. To this action of the court complainant excepted.

The Master made his report to February Term, 1874, showing a balance of fourteen dollars and eighty-

five cents due Brooks, when the parties selected Hon. Wm. M. Smith to ·hear the cause, and upon motion, and as on affidavit of said H. Buck, the "cause as to said Henry Buck was continued until next term." At a subsequent day of the term, when the cause was reached, upon the report of the Master, and exceptions thereto, B. P. Boyd was elected under sec. 3930a of the Code, and overruled the exceptions and confirmed the report, complainant excepting to election of the Chancellor, and his action, and prayed an appeal to this court, which was allowed him.

For complainant it is insisted that the provisions of the act of 1870 for the election of a special judge are unconstitutional. Sec. 11, art. 6 of the Constitution provides that the Legislature may, by general laws, make provision that special judges may be appointed to hold any court, the judge of which shall be unable or fail to attend or sit, or to hear any cause in which the judge may be incompetent.

The act of 1870, Code, sec. 3930a, was passed in pursuance of the power confered upon the Legislature by the above cited section of the Constitution, and confers the power of appointment upon the attorneys of the court present, prescribing the qualifications of the appointee, and the mode of his selection.

We are unable to see any reason why the Legislature might not confer this power of appointment upon the members of the bar present at the court. They are quite as competent to make a judicious selection as any other depository of the power that we can imagine. Upon the score of convenience to suitors

and to the bar, the arrangement seems to be an eligible one.

The constitution confers the power on the Legislature "to make provision that special judges may be appointed to hear any cause in which the judge may be incompetent," without any limitation or restriction as to the mode in which the discretion conferred should be exercised, and we can see nothing in the act inconsistent with any provision of the Constitution.

The same question was presented in *Ligon* v. *The State*, 3 Heis., 159, and the act was held to be constitutional.

The report of the Master was excepted to by complainant—

1.  Because he had no notice of the time of taking it.

2.  Because he does not refer to the part of the record on which he bases his charge of balance due to Brooks.

Complainant's solicitor had notice of the taking of the account, but the complainant himself does not seem to have been notified. Ordinarily the parties themselves should have notice, but in this case there was really no necessity for any reference to take an account. The evidence of the balance due to Brooks was on file, and had been for about three years, being a certified transcript of the settlment made with the Clerk of the County Court of Haywood by A. Buck, the guardian, showing a balance in his hands January 1, 1870, of $1,636.80, no one contested that this amount was then due. Upon this sum it was agreed

that complainant had paid, since his bill was filed, $500, and this agreement was also on file, and the calculation of the interest, and deduction of the payment from the sum admitted by the guardian to be due, was all that was necessary, or that was done in the taking of the account by the Master. This could as well have been done without any reference to the Master.

The other exception is a proper admonition to the Master for neglect of a duty that the Chancellor ought to require to be performed.

For every charge or fact reported the Master ought to make a brief reference to the authority for his report.

But this neglect of the Master furnishes no ground for setting aside and re-committing his report in this court when the account is so simple, and composed of but two items, however it might be where the account was very voluminous, and consisted of many controverted questions.

We think the Chancellor's decree overruling the exceptions to the report, and affirming it, was correct. However the equities may be between the complainant and his co-surety, neither of them has a right to compel Brooks to stand by and await the end of this controversy when his claim is just and undisputed, and has been long delayed.

Affirm the decree.